```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                      PLAINTIFF

          v.          Civil No. 06-5223

**ARKANSAS PATIENT TRANSFER, INC.;**
**ARKANSAS TRANSFER SERVICE, INC.;**
**DEBBIE J. DRUMMOND; and MICHAEL**
**NOBLIN**                                                        DEFENDANTS

### O R D E R

    Now on this 2nd day of April, 2007, comes on for consideration the government's **Motion To Strike Jury Trial Demand** (document #12), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Defendants' Answer in this matter was filed on December 15, 2006.  No jury demand was made by either plaintiff or defendants, and the matter was set down for trial to the Court by an Initial Scheduling Order dated December 18, 2006.  The parties conducted their Rule 26(f) conference and filed the required report, and a final Scheduling Order was entered on February 21, 2007.

    2.   Thereafter, on February 23, 2007, defendants - having obtained a new attorney - filed a Jury Trial Request.  The Court ascertained that the matter was one which was triable to a jury, and rescheduled it for trial to a jury.

    3.   The government now moves to strike the demand for jury trial, contending that defendants waived their right to make such

a demand.  Defendants respond that the matter is discretionary with the Court, and that there will be no prejudice if they are allowed a jury.

4.   The issue is governed by **F.R.C.P. 39(b)**, which provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."  The Court believes this is an appropriate case in which to exercise that discretion.  While the jury demand was untimely, it did not come so late as to prejudice the government or delay the trial, nor does the government contend that such would be the result of allowing the jury demand.  The affidavit of defendant Debbie J. Drummond indicates that she was not advised by her first attorney that there was a right to a jury trial, and that as soon as she learned the right existed, she requested of her new attorney that a jury trial be demanded.  The motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that the government's **Motion To Strike Jury Trial Demand** (document #12) is **denied**.

**IT IS SO ORDERED.**

      **/s/ Jimm Larry Hendren**
      **JIMM LARRY HENDREN**
      **UNITED STATES DISTRICT JUDGE**